Carolyn Hunt Cottrell (SBN 166977)
Samantha A. Smith (SBN 233331)
Taylor A. Jones (*Pro Hac Vice*)
SCHNEIDER WALLACE COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
sasmith@schneiderwallace.com
tajones@schneiderwallace.com

SW EMPLOYMENT LAW GROUP, APC
Jacob N. Whitehead, SBN 266123
reception@jnwpc.com
7700 Irvine Center Drive, Suite 930
Irvine, California 92618
Tel. (949) 674-4922
*Attorneys for Plaintiffs and the*
*Putative Collective and Class/Subclasses*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

MITCHELL MCKINNON; TIMOTHY VAN NORTWICK; BRENT BRICE; ZACHERY RIZZO; JOSHUA REYES; ONIKA JACK; HERBERT HERNANDEZ; NICHOLAUS JAMES; LACRETIA DAVIS; SALVADOR PULIDO, each as an individual and on behalf of all others similarly situated,

    Plaintiffs,

  v.

PELOTON INTERACTIVE, INC., a Delaware corporation; and DOES 1-50, inclusive,

    Defendant.

Case No.:  2:22-CV-03368-MWF(Ex)

**FIRST AMENDED CLASS AND COLLECTIVE ACTION FOR:**

1) **VIOLATIONS OF THE FAIR LABOR STANDARDS ACT (29 U.S.C. §§ 201 *et seq.*)**

2) **FAILURE TO PROVIDE MEAL PERIODS (Labor Code §§ 226.7, 512, and 1198, IWC No. 4-2001, IWC No. 9-2001);**

3) **FAILURE TO PROVIDE REST PERIODS (Labor Code §§ 226.7, 1198, IWC No. 4-2001, IWC No. 9-2001);**

4) **FAILURE TO PAY OVERTIME (Labor Code § 510);**

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

)  **5) FAILURE TO MAINTAIN
)     ACCURATE RECORDS (Labor
)     Code §1174(d));**
)
)  **6) FAILURE TO PAY ALL WAGES
)     WHEN DUE (Labor Code § 204);**
)
)  **7) FAILURE TO PROVIDE
)     ACCURATE ITEMIZED WAGE
)     STATEMENTS (Labor Code § 226
)     (a), 226.3);**
)
)  **8) FAILURE TO REIMBURSE WORK
)     EXPENSES (Labor Code § 2802);**
)
)     **FAILURE TO TIMELY PAY
)     WAGES UPON TERMINATION
)     (Labor Code §§ 201-203).**
)
)     **{JURY TRIAL DEMANDED}**
)

Plaintiffs, MITCHELL MCKINNON, TIMOTHY VAN NORTWICK, BRENT BRICE, ZACHERY RIZZO, JOSHUA REYES, ONIKA JACK, HERBERT HERNANDEZ, AND NICHOLAUS JAMES, LACRETIA DAVIS, SALVADOR PULIDO, each as an individual, on behalf of themselves, and on behalf of all other similarly situated individuals (collectively "Plaintiffs"), hereby brings this First Amended Class and Collective Action Complaint ("Complaint") against Defendant PELOTON INTERACTIVE, INC. ("Defendant"), and DOES 1-50, inclusive, (collectively, "Defendants"). Plaintiffs hereby state and allege as follows:

## INTRODUCTION

1.      Plaintiffs bring this class and collective action against Defendants for, among other things: failure to provide rest and meal breaks; failure to pay all wages owed, including minimum and overtime wages; failure to provide accurate wage statements; failure to reimburse work-related expenses incurred in the discharge of job duties; failure to pay all wages due upon termination; failure to maintain accurate

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

records of hours worked and wages earned; failure to produce employee records upon request.

2.    Plaintiffs thus bring this action on behalf of themselves, and other individuals similarly situated, and seek damages, penalties, and interest to the full extent permitted, as well as other relief requested herein, pursuant to the California Labor Code, Industrial Wage Commission ("IWC") Wage Orders, and Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").

## THE PARTIES

### Plaintiff MITCHELL MCKINNON

3.    Plaintiff MITCHELL MCKINNON is and was, at all times relevant to this Complaint, an adult individual who lived in Long Beach, California and worked for Defendant in the City of Montebello in the County of Los Angeles, California. Defendant employed Plaintiff as a Treadmill Specialist from approximately October 1, 2019, through May 28, 2021.

### Plaintiff TIMOTHY VAN NORTWICK

4.    Plaintiff TIMOTHY VAN NORTWICK is and was, at all times relevant to this Complaint, an adult individual who lived in Hemet, California and worked for Defendant in the City of Perris in the County of Riverside, California. Defendant employed Plaintiff as an Assembler, from approximately February 8, 2021, through around April 9, 2022.

### Plaintiff BRENT BRICE

5.    Plaintiff BRENT BRICE is and was, at all times relevant to this Complaint, an adult individual who lived in Los Angeles County, California and worked for Defendant in the City of Montebello in the County of Los Angeles, California. Defendant employed Plaintiff as a Warehouse Associate from approximately October 21, 2019, through September 28, 2020.

///

///

—————————————————— 3 ——————————————————

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

**Plaintiff ZACHERY RIZZO**

6.    Plaintiff ZACHERY RIZZO is and was, at all times relevant to this Complaint, an adult individual who lived in Los Angeles, California and worked for Defendant in the City of Montebello as well as other surrounding areas in the County of Los Angeles, California. Defendant employed Plaintiff as a Tread Operations and Driver from approximately April 5, 2019, through around March 18, 2020.

**Plaintiff JOSHUA REYES**

7.    Plaintiff JOSHUA REYES is and was, at all times relevant to this Complaint, an adult individual who lived in Riverside, California and worked for Defendant in the City of Perris in the County of Riverside, California. Defendant employed Plaintiff as a Warehouse Associate from approximately December 14, 2021, through February 18, 2022.

**Plaintiff ONIKA JACK**

8.    Plaintiff ONIKA JACK is and was, at all times relevant to this Complaint, an adult individual who lives in Vallejo, California and worked for Defendant in the City of Richmond in the County of Contra Costa and in the City of Newark in the County of Alameda, California. Defendant hired Plaintiff as an Outbound in or about April 20, 2020, through around October 11, 2021.

**Plaintiff HERBERT HERNANDEZ**

9.    Plaintiff HERBERT HERNANDEZ is and was, at all times relevant to this Complaint, an adult individual who lived in Los Angeles, California and worked for Defendant in the City of Los Angeles in the County of Los Angeles, California. Defendant hired Plaintiff as a Master Technician in or about October 20, 2020, through on or about May, 2021.

**Plaintiff NICHOLAUS JAMES**

10.    Plaintiff NICHOLAUS JAMES is and was, at all times relevant to this Complaint, an adult individual who lived in Berkeley, California and worked for Defendant in the City of Newark in the County of Alameda, California. Defendant

4

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

employed Plaintiff as a Field Operations Lead from in or about April 20, 2020, to on or about October 11, 2021.

**Plaintiff LACRETIA DAVIS**

11.    Plaintiff LACRETIA DAVIS is and was, at all times relevant to this Complaint, an adult individual who lived in Contra Costa County of California and worked for Defendant in the City of Richmond in the County of Contra Costa, California. Defendant employed Plaintiff as a Warehouse Buyer Builder from on or about September 1, 2019, to on or about September, 2020.

**Plaintiff SALVADOR PULIDO**

12.    Plaintiff SALVADOR PULIDO is and was, at all times relevant to this Complaint, an adult individual who lived in Romoland, California and worked for Defendant in the City of Perris in the County of Riverside, California. Defendant employed Plaintiff as an Assembly Technician from on or about March 1, 2021, to on or about February 8, 2022.

**Defendant PELOTON INTERACTIVE, INC.**

13.    At all times relevant to this Complaint, Defendant was a Delaware corporation, duly registered to conduct business and employ persons throughout California, where it employed Plaintiffs. Defendant is an exercise equipment and media company focusing on internet connected stationary bicycles and treadmills. Defendant operates several warehouse and distribution facilities throughout the United States, including the state of California, and employs hundreds of hourly, non-exempt workers similarly situated to Plaintiffs.

14.    The Collective members are people who are or who have been employed by Defendant as hourly, non-exempt employees in the United States at any time within the three years preceding the filing of this Complaint.

15.    The Class members are all people who are or who have been employed by Defendant as hourly, non-exempt employees in California within the four years preceding the filing of this Complaint.

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

16.     Plaintiff is informed, believes, and thereon alleges that Defendant exercises control over Plaintiff and putative Class and Collective members with respect to their employment.

17.     Plaintiff and Class and Collective members were and are employees of Defendant within the meaning of 29 U.S.C. § 203(e).

18.     At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

19.     Plaintiff is informed, believes, and thereon alleges that Defendant has had, and continues to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 29 U.S.C. § 203(s)(1)(A)(ii).

20.     In addition to Plaintiff, Defendant has employed numerous other employees who, like Plaintiff, are hourly, non-exempt employees engaged in interstate commerce. Further, Defendant is engaged in interstate commerce since it orders supplies across state lines, conducts business deals with merchants across state lines, and processes patient credit cards with banks in other states.

21.     At all material times, Plaintiff and Collective and Class members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

22.     At all material times, Defendant has done business under the laws of California, has places of business in the State of California, including in this judicial district, and has employed putative Class members in this judicial district. Defendant is a "person" as defined in California Labor Code § 18. Defendant is also an "employer" as that term is used in the FLSA, California Labor Code, and the IWC Wage Orders.

///

///

///

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

## JURISDICTION AND VENUE

23.    This Court has subject matter jurisdiction over Plaintiffs' Complaint, as Defendant has removed this action to the Central District of California, on diversity grounds pursuant to 28 USC §§ 1332, 1441, 1446.

24.    Venue is proper in the Central District of California as this case was removed from the Superior Court of Los Angeles County. In addition, pursuant to 28 U.S.C. § 1391, venue is proper because Defendant is a corporation that (i) is subject to personal jurisdiction in this District, and, therefore, resides in this District and/or (ii) committed the wrongful conduct against certain members of the Class and Collective in this District.

## GENERAL ALLEGATIONS AND SUMMARY OF CLAIMS

25.    Plaintiffs allege that they and the Class and Collective Members are individuals who currently work or formerly worked for Defendant throughout the United States, including in the State of California, as non-exempt, hourly, full time and part time employees. Plaintiffs and such Class and Collective Members work/worked in non-exempt, hourly-compensated positions including, Treadmill Specialist, Assembler, Warehouse Associate, Tread Operations, Driver, Warehouse Associate, Master Technician, Field Operations Lead, and other similar positions for Defendant, a fitness technology and exercise equipment company. Plaintiffs and those who were employed by Defendant primary job duties were including, but not limited to, maintaining inventory, streamlining delivery process, customer service, making deliveries, assembling products and troubleshooting equipment among other responsibilities assigned.

26.    The duties of Treadmill Specialist, Assembler, Warehouse Associate, Tread Operations, Driver, Warehouse Associate, Master Technician, and Field Operations Lead are very similar. Any differences in the job activities between the different positions were and are legally insignificant to the issues presented by this action. The same policies, procedures, employee handbooks, manuals, compensation

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

plans, and training modules were uniformly applied to the nonexempt Plaintiffs and Class and Collective Members, which means individual issues will not predominate, and in fact, all issues are systematically linked, related and common, both in terms of facts and law for Plaintiffs and each of the members of the Class and Collective.

27.    Plaintiffs and the Class and Collective Members are/were at all times subject to the FLSA and California's laws and regulations protecting the employees' entitlement to be paid and presumption to be paid all wages earned for labor performed, including their hourly wages for each and every hour worked, premium pay for missing or not law compliant rest and meal breaks, overtime wages for each and every overtime hour worked at the accurate corresponding overtime pay rates.

28.    Labor Code § 512 provides in relevant part: "An employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes . . . . An employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes . . . ."

29.    IWC Order No. 4-2001 and No. 9-2001, which applies to Defendant's industry, likewise requires employers to provide meal periods to employees. Section 11(C) of IWC Order No. 4-2001 and No. 9-2001 provides in relevant part: "Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked."

30.    Due to Defendant's unreasonable performance demand and the shortage of staff, certain of the Plaintiffs and Class and Collective Members oftentimes worked shifts that exceeded twelve hours per workday.

31.    Defendant fails/failed to provide meal periods and rest periods to certain Plaintiffs. The nature of Plaintiffs' and Class and Collective Members work, providing high volume of service with time frames mandated by the Defendant was highly competitive, rigorous, and nonstop. Certain of the Plaintiffs and Class and Collective Members are/were frequently prevented from timely taking meal breaks and rest breaks

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

due to constant work demands and time restrains, they were not timely relieved of all duties to take such breaks. Defendant required for certain of the Plaintiffs and Class and Collective Members to assist clients and communicate with other employees during their meal break and rest breaks. Thus, as a matter of course, Plaintiffs and each member of the Class and Collective were regularly, uniformly and systematically prohibited by Defendant from taking timely, compliant, uninterrupted, unpaid 30-minute meal periods for every five hours worked as required by *Labor Code* § 512 and IWC Order No. 4 and No. 9, nor were Plaintiffs or members of the Class paid a one hour premium wage at their regular rate of pay for each missed, short, late or interrupted meal period.

32.    Section 12(A) of IWC Order No. 4-2001 and No. 9-2001 provide in relevant part: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

33.    Plaintiffs and Class Members were frequently prevented from timely taking rest breaks because, due to their constant work demands and personnel shortages. As such, Plaintiffs, were not timely relieved of all duties to take such breaks. Defendant mandated certain of the Plaintiffs and Class Members to take care of customer's inquiries and needs as they come, leaving them no time for rest breaks or shortening the time of their rest breaks. Thus, as a matter of course, Plaintiffs and certain Class Members/Subclass Members were regularly, uniformly, and systematically prohibited by Defendant from taking, timely, compliant, uninterrupted paid 10-minute rest periods for every four hours worked (or major fraction thereof) as required by Labor Code §§ 226.7, 512 and IWC Order No. 4 and No. 9, nor were Plaintiffs or members of the Class paid a one-hour premium wage at their regular rate of pay for each missed, short, late or interrupted rest period.

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

34.    *Labor Code* § 226.7(c) provides in relevant part: "If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

35.    Defendant knew or reasonably should have known that Plaintiffs and certain Class Members/Subclass Members were not timely relieved of all duties and were impeded or prevented from taking timely all meal periods and rest breaks.

36.    Plaintiffs and Class Members/Subclass Members were not paid "premium pay penalties" pursuant to *Labor Code* § 226.7(c) for any of the workdays that Defendant failed to provide them timely, uninterrupted meal and rest breaks.

37.    Labor Code § 1194 provides that employees must be separately paid an hourly wage for each and every hour worked.

38.    *Labor Code* §§ 218, 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal wage may recover the unpaid balance and together with attorney's fees and costs of suit, as well as liquidated damages in an amount equal to the wages unpaid and interest thereon.

39.    *Labor Code* § 1198 states: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

40.    *Labor Code* § 510 states in pertinent part, "Any work in excess of eight hours in one workday or in excess of 40 hours in any one workweek … shall be compensated at the rate of no less than one and one-half times the regular rate of pay for any employee." In addition, "any work in excess of 12 hours in one day shall be compensated at a rate of no less than twice the regular rate of pay for an employee." As

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

a matter of course during all or a substantial portion of the Class Period, Plaintiffs and certain member of the Class were regularly, uniformly and systematically required by Defendant to work in excess of eight hours per day, and/or required to work in excess of 40 hours per week without being paid the requisite overtime wages required by *Labor Code* §§ 510, 1194 and IWC Order No. 4 and 9.

41.    As Defendant at times at times interrupted certain of the Plaintiffs and Class and Collective Members' meal breaks by holding work-related conversations and Defendant at times required certain of the Plaintiffs and Class and Collective Members to take their meals while providing delivery or customer service; inevitable, certain of the Plaintiffs and Class and Collective Members were working while off the clocking during their meal breaks. Defendant neither recorded, nor compensated the hour worked under these situations.

42.    Due to certain of the Plaintiffs and Class and Collective Members working off the clock during lunch breaks, in many instances because of the unrecorded hours worked, their shifts exceeded eight hours a day or over 40 hours in a week.

43.    Certain of the Plaintiffs and Class and Collective Members oftentimes worked in excess of 10 hours per workday to fulfill Defendant's demands. Defendant scheduled certain of the Plaintiffs and Class and Collective Members to work 10 hours per workday, but the workload assigned would oftentimes take 12-15 hours for them to complete. However, Defendant does/did not at all times compensate those Plaintiffs and the Class and Collective Members all overtime hours work at the accurate overtime rate of pay. When certain Plaintiffs brought up the issue of unpaid overtime wages to the management's attention, the management told them that they were not paid because they were not able to finish their schedule on time.

44.    Defendant willfully refused to pay Plaintiffs and members of the Class and Collective Members the required compensation for all hours worked and failed to keep time records as required by law.

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

45.   *Labor Code* § 226(a) requires employers to provide employees itemized wage statements that accurately report, among other things, the total hours worked, and total wages earned in each pay period.

46.   Pursuant to Section 11(C) of IWC Order No. 4 and No. 9, Defendant should have correctly counted all purported "meal periods" for which Defendant failed to relieve Plaintiffs and Class Members/Subclass Members of all duty as "on duty" meal periods, and Defendant should have counted those purported "meal periods" as time worked. Defendant should have reported that additional time worked on the itemized wage statements that Defendant provided to Plaintiffs and Class Members/Subclass Members, but Defendant failed to do so, in violation of *Labor Code* § 226(a).

47.   Defendant has failed to comply with *Labor Code* § 226(a). As a matter of common policy and practice, Defendant did not include Plaintiffs and certain Class Members' proper and correct number of hours worked at each correct hourly rate of pay. The wage statements that were distributed by Defendant to certain of the Plaintiffs and Class/Subclass Members did not contain all wages earned. Defendant's policies and practices and the omissions on the wage statements were intention and knowing, causing Plaintiffs and certain members of the Class to suffer "injury" by, among other things, impeding them from knowing the amount of wages to which they are and were entitled.

48.   Defendant's failure to accurately record and maintain records of all hours worked and wages earned further constitutes a violation of *Labor Code* §1174(d), which requires employers to maintain accurate payroll records of hours worked and wages earned for a period of three years.

49.   *Labor Code* § 201(a) provides in relevant part: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

50.   *Labor Code* § 202(a) provides in relevant part: "If an employee not having a written contract for a definite period quits his or her employment, his or her wages

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

51.    *Labor Code* § 203(a) provides in relevant part: "If an employer willfully fails to pay, without abatement or reduction, in accordance with §§ 201 . . . 202 . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Defendant has failed to pay such individuals "waiting time" penalties pursuant to *Labor Code* § 203(a).

52.    *Labor Code* § 2802(a) requires employers to reimburse employees for all expenses they incur in direct consequence of the discharge of their duties or obedience to their employers' instructions.

53.    Defendant required Plaintiffs and certain Class/Subclass Members to use their personal cell phones, personal cell phone data plans, personal Internet access, home Internet access to perform their job duties each workday throughout their employment. Defendant required them to attend pre-shift meetings, to contact supervisors, to communicate with other employees, to text supervisors and to contact clients and prospective clients. For certain of the Plaintiffs and Class/Subclass, it is also essential for them to use the GPS function on their own personal cell phones using their personal data plans to perform duties assigned by Defendant.

54.    Defendant required certain of the Plaintiffs and Class/Subclass Members to download the apps "Deputy", "Okta", "Sales Sevice Lightening", "Sales Force", "Duo Mobile", "SAT", "Confirma Pay", "Google Sheets", "Safoya", "Slack" for carrying out their day-to-day work duties and for authentication purposes to work website, portals, and work devices.

55.    As company vans are/were not available at all times, Defendant at times required Plaintiffs and certain Class/Subclass Members to use their personal vehicles to

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

travel between customers' homes, installation work sites, and/or work facilities to handle installations and provide customer service.

56.    Defendant required Plaintiffs and Class/Subclass Members to wear black shirts, black pants, and black work boots with no markings to comply with the company dress code. Defendant informed Plaintiffs and Class/Subclass Members that they would provide the work outfits but only provided one shirt and partial reimbursements for the black work boots. Defendant also promised certain Plaintiffs and Class/Subclass Members that they will receive reimbursements for the tools and gears that they purchased for work (i.e. charger for the company van), but the said reimbursements were never received.

57.    Despite Defendant's requirements that Plaintiffs and certain Class Members/Subclass Members incur expenses for using their personal cell phones, personal cell phone data plans, personal internet access, home internet access, personal vehicles and for purchasing work-related items, Defendant did not reimburse them for those expenses incurred in the discharge of their work duties. Defendant's failure to reimburse Plaintiffs and Class Members constitutes a violation of *Labor Code* §2802(a).

58.    Defendant's company-wide policies and practices violate the FLSA and California law as pled herein. Plaintiffs seek declaratory relief, reporting time pay, regular and overtime compensation, premium pay for rest and meal break violations, reimbursement of business expenses, liquidated damages and other damages and penalties as permitted by the FLSA and California Law, interest and attorneys' fees and costs.

## COLLECTIVE ALLEGATIONS UNDER THE FLSA

59.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

60.    Plaintiffs bring this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of the following Collective of individuals:

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

**All current and former hourly, non-exempt employees employed by Defendant in the United States any time starting three years prior to the filing of this Complaint until resolution of this action.**

61.     Defendant has not compensated these employees for all hours worked, including minimum wage and overtime compensation for all hours worked over 40 hours per week, liquidated damages, and attorneys' fees and costs under the FLSA.

62.     Plaintiffs' claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 216(b) of the FLSA because Plaintiffs' FLSA claims are similar to the claims of the Collective members.

63.     Plaintiffs are informed, believe, and thereon allege that Collective members have been denied compensation, including overtime compensation for time worked "off-the-clock," and would therefore likely join this collective action if provided a notice of their rights to do.

64.     Plaintiffs and the Collective members are similarly situated. Collective Members have substantially similar job duties and requirements. Like Plaintiffs, Defendant subjected Collective members to Defendant's common practices, policies, or plans that requires them to perform work without compensation in clear violation of the FLSA. Collective Members work, or have worked, for Defendant but were not paid overtime at the rate of one and one-half times their regular hourly rate when those hours exceeded forty per workweek. Collective Members also performed compensable work while "off-the-clock" which, when included with their recorded hours, results in additional overtime hours worked that were not compensated at the rate of one and one-half times their regular hourly in violation of the FLSA.

65.     Although Defendant permitted and/or required Collective members to work in excess of forty hours per workweek, Defendant has denied them full compensation for their hours worked over forty as a result of meal breaks that were interrupted due to work demands and "off-the-clock" work.

66.     Collective members regularly work or have worked in excess of forty

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

hours during a workweek.

67.    Collective members are not exempt from receiving overtime compensation under the FLSA.

68.    Defendant's failure to pay overtime compensation as required by the FLSA resulted from generally applicable policies and practices and did not depend on the personal circumstances of FLSA Collective members.

69.    This action may be properly maintained as a collective action on behalf of the defined Collective because, throughout the relevant time period:

    a) Defendant maintained common scheduling systems and policies with respect to Plaintiffs and Collective members, controlled the scheduling systems and policies implemented throughout their facilities and retained authority to review and revise or approve the schedules assigned to Plaintiffs and Collective members;

    b) Defendant maintained common timekeeping systems and policies with respect to Plaintiffs and Collective members; and

    c) Defendant maintained common payroll systems and policies with respect to Plaintiffs and Collective members, controlled the payroll systems and policies applied to Plaintiffs and Collective members, and set the pay rates assigned to Plaintiffs and Collective members.

70.    Plaintiffs and Collective members' claims arise from a common nucleus of operative facts; namely, the continued and willful failure of Defendant to comply with its obligation to legally compensate its employees. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Collective members. Defendant had a plan, policy or practice that resulted in inaccurately recording Plaintiffs and Collective members' workhours, causing vast underpayments for the amount of hours Plaintiffs and Collective members worked. These underpayments caused Plaintiffs and Collective members to receive wages below the

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

federal minimum wage. Further, Defendant had a plan, policy or practice of not recording or paying Plaintiffs and Collective members for interrupted, interruptible, or missed meal and rest breaks. These unpaid hours are typically worked in excess of 40 hours per week, and therefore the failure to track these hours results in a violation of the FLSA.

71.    The similarly situated Collective members are known to Defendant, are readily identifiable, and may be located through Defendant's records.  These similarly situated employees may readily be notified of this action, and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

72.    Plaintiffs bring causes of action for violation of California's wage-and-hour laws as a class action on behalf of all members of the Class and Subclasses which are defined and composed as follows:

**THE CLASS:**

> **All current and former hourly, non-exempt employees employed by Defendant in California any time starting November 18, 2020 until resolution of this action.[1]**

73.    In the alternative, and for the convenience of the Court and the parties, Plaintiffs may seek to certify the following Subclasses at the time the motion for class certification is filed:

**UNTIMELY PAYMENT OF WAGES SUBCLASS:**

74.    All members of the Class who Defendant failed to timely pay all wages earned when due, as defined by Labor Code § 204 for all hours worked during the Class Period.

---

[1] The Class and putative class action claims do not include any claims released through the settlement finally approved in *Hernandez Peloton Interactive, Inc.*, Case No. RG20053333 (Alameda Superior Court) on June 2, 2022.

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

**OVERTIME SUBCLASS:**

75.    All members of the Class who (a) worked in excess of 8 hours per day and/or 40 hours per week; and (2) who Defendant failed to pay wages at the requisite overtime rates of pay for overtime hours worked during the Class Period.

**MEAL PERIOD SUBCLASS:**

76.    All members of the Class that Defendant did not provide 30-minute, uninterrupted and duty-free meal periods for shifts over 5 and 10 hours of work, and who were not paid an additional hour of pay in lieu thereof during the Class Period.

**REST PERIOD SUBCLASS:**

77.    All members of the Class that Defendant did not authorize or permit uninterrupted and duty-free 10-minute paid rest periods for every four hours worked, or major fraction thereof, and who were not paid an additional hour of pay in lieu thereof during the Class Period.

**WAGE STATEMENT SUBCLASS:**

78.    All members of the Class that Defendant did not provide accurate, itemized wage statements showing all hours actually worked, all wages earned, and the applicable rates of pay for each hour worked during the Class Period.

**WAITING TIME SUBCLASS:**

79.    All members of the Class who (a) from three years prior to the filing of this complaint separated from Defendant's employment, and (2) who Defendant knowingly and willfully failed to pay all wages due within 72 hours of the time such employees voluntarily or involuntarily ended their employment with Defendant during the Class Period.

**REIMBURSEMENT OF BUSINESS EXPENSES SUBCLASS:**

80.    All members of the Class that Defendant did not reimburse expenses necessarily incurred in the discharge of performing their work-related duties during the Class Period.

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

81.    Throughout discovery in this litigation, Plaintiffs may find it appropriate and/or necessary to amend the definition of the Subclasses. In any event, Plaintiffs will formally define and designate a class definition at such time when Plaintiffs seek to certify the Class or Subclasses defined herein.

## COMMON CLASS ACTION ALLEGATIONS FOR THE PROPOSED CLASS AND SUBCLASSES

82.    **Numerosity**: The potential quantity of members of the Class and Subclasses as defined are so numerous that joinder of all members would be unfeasible and impractical. Plaintiffs are informed and believe that the total number of current and formerly employed members of the Class exceeds 100. The quantity and identity of such membership is readily ascertainable via inspection of Defendant's records.

83.    **Superiority**: The nature of this action and the nature of the laws available to Plaintiffs make the use of the class action format particularly efficient and the appropriate procedure to afford relief to Plaintiffs and the members of the Class and Subclasses for the wrongs alleged herein, for the following reasons:

a) The State of California, for which there is a named representative, has a public policy which encourages the use of the class action device.

b) By establishing a technique whereby, the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation.

c) This case involves large corporate Defendant and a large number of individual class members with many relatively small claims and common issues of law and fact.

d) If each individual member of the Class was required to file an individual lawsuit, the large corporate Defendant would necessarily gain an unconscionable advantage because Defendant would be able to exploit

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

and overwhelm the limited resources of each individual member of the Class with Defendant's vastly superior financial and legal resources.

e) Requiring each individual member of the Class to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the Class who would be disinclined to pursue action against Defendant because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being.

f) Proof of a common policy and practice or factual pattern, of which the members of the Class experienced, is representative of the Class herein and will establish the right of each of the members of the Class to recover on the causes of action alleged herein.

g) Absent class treatment, the prosecution of separate actions by the individual members of the Class, even if possible, would likely create:

    i. a substantial risk of each individual plaintiff presenting in separate, duplicative proceedings the same or essentially similar arguments and evidence, including expert testimony;

    ii. a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants;

    iii. inconsistent or varying verdicts or adjudications with respect to the individual members of the Class against Defendant;

    iv. potentially incompatible standards of conduct for Defendant; and

    v. potentially incompatible legal determinations with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members of the Class who are not parties to the adjudications or which would substantially impair or impede the ability of the members of the Class to protect their interests;

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

h) The claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution, considering all of the concomitant costs and expenses attendant thereto;

i) Courts seeking to preserve efficiency and other benefits of class actions routinely fashion methods to manage any individual questions; and

j) Judicial precedent urges trial courts, which have an obligation to consider the use of innovative procedural tools to certify a manageable class, to be procedurally innovative in managing class actions.

84. **Well-defined Community of Interest**: Plaintiffs also meet the established standards for class certification as follows:

a) **Typicality**: The claims of Plaintiffs are typical of the claims of all members of the Class and Subclasses they seek to represent because all members of the Class sustained injuries and damages arising out of Defendant's common course of conduct in violation of California law, and the injuries and damages of all members of the Class were caused by Defendant's wrongful conduct in violation of California law, as alleged herein.

b) **Adequacy**: Plaintiffs are adequate representatives of the Class and/or Subclasses they seek to represent, will fairly protect the interests of the members of the Class, have no interests antagonistic to the members of the Class, and will vigorously pursue this suit via attorneys who are competent, skilled, and experienced in litigating matters of this type.

c) **Predominant Common Questions of Law or Fact**: There are common questions of law and/or fact as to the members of the Class which predominate over questions affecting only individual members of the Class, including, without limitation:

i. Whether Defendant failed and continues to fail to have a policy to provide members of the Class timely, duty-free, uninterrupted

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

meal periods of at least 30-minutes for shifts over 5 and 10 hours of work;

ii.  Whether Defendant failed and continues to fail to have a policy to provide members of the Class timely, duty-free, uninterrupted rest periods of at least 10-minutes for every four hours worked or major fraction thereof;

iii.  Whether Defendant unlawfully failed to pay Plaintiffs and the members of the Class overtime compensation in violation of Labor Code §§ 218, 510, 1194, and IWC Order No. 4 and No. 9;

iv.  Whether Defendant unlawfully failed to maintain accurate records in violation of Labor Code § 1174(d);

v.  Whether Defendant unlawfully failed to pay all wages to Plaintiffs and members of the Class when due in violation of Labor Code § 204;

vi.  Whether Defendant unlawfully failed to furnish accurate itemized statements to members of the Class in violation of Labor Code §§ 226, 226.3;

vii.  Whether Defendant failed to reimburse Plaintiffs and members of the Class for all expenses incurred in discharge of their duties in violation of Labor Code § 2802;

viii.  Whether Defendant's policies and practices of failing to pay their employees all wages due within the time required by California law after their employment ended with Defendant violate Labor Code §§ 201-203;

ix.  Whether the members of the Class are entitled to compensatory damages, and if so, the means of measuring such damages;

x.  Whether the members of the Class are entitled to injunctive relief;

xi.  Whether the members of the Class are entitled to restitution; and

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

xii.  Whether Defendant is liable for attorneys' fees and costs to the extent permitted by California law.

d) **Manageability of Class and Common Proof**: The nature of this action and the nature of laws available to Plaintiffs make use of the class action format and procedure a particularly efficient and appropriate procedure to afford relief to Plaintiffs and members of the Class for the wrongs alleged herein. Specifically, liability will turn on Defendant's own uniform, systematic practices of failing to pay their employees for all wages they earned in violation of California law during the Class Period. Therefore, the wage violations are predominant questions of fact that are easily capable of being determined through manageable devices of common proof, such as statistical random sampling, survey evidence based on scientific principles, representative testimony, documentary evidence and common practices/procedures of Defendant in treating each of the members of the Class as a homogeneous group. Once the predominant issues of wage compliance are determined, then each of the derivative subclass claims and damages suffered by each member of the Class will be capable of being shown by several means of common proof, and limited by individual showings of entitlement to recovery that can be professionally administered and tailored to the facts and circumstances of the case.

**FIRST CAUSE OF ACTION**

**THE FAIR LABOR STANDARDS ACT**

**In Violation of 29 U.S.C. §§ 201, et seq.**

**(On Behalf of the Collective)**

85.  Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

86.  The FLSA requires that covered employees receive compensation for all

---

23

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

hours worked and overtime compensation of not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a workweek.  29 U.S.C. §§ 206(a)(1), 207(a)(1).

87.    At all times material herein, Plaintiffs and the Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA. 29 U.S.C. §§ 203(e) and 207(a).

88.    Defendant is a covered employer required to comply with the FLSA's mandates.

89.    Defendant has violated the FLSA with respect to Plaintiffs and the Collective, by, inter alia, failing to compensate Plaintiffs and the Collective for all hours worked and, with respect to such hours, failing to pay the legally mandated overtime premium for such work and/or minimum wage. Defendant has also violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiffs and the Collective. 29 U.S.C. § 211(c).

90.    Plaintiffs and the Collective are victims of a uniform and company-wide compensation policy that has been applied to current and former non-exempt, hourly employees of Defendant, working throughout the United States.

91.    Plaintiffs and the Collective are entitled to damages equal to the mandated pay, including minimum wage, straight time, and overtime premium pay within the three years preceding the filing of the complaint, plus periods of equitable tolling, because Defendant has acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

92.    Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and the Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate.  29 U.S.C. § 216(b).

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

93.    Pay, including minimum wage, straight time, and overtime compensation, has been unlawfully withheld by Defendant from Plaintiffs and the Collective as a result of Defendant's violations of the FLSA.  Accordingly, Defendant is liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

94.    Wherefore, Plaintiffs and the Collective request relief as hereinafter provided.

<u>**SECOND CAUSE OF ACTION**</u>

**FAILURE TO PROVIDE MEAL PERIODS**

**In Violation of Labor Code §§ 226.7(c), 512(a), 1198,**

**IWC Order No. 4-2001 and No. 9-2001**

**(On Behalf of the Class)**

95.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

96.    *Labor Code* § 512 provides in relevant part: "An employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes . . . . An employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes . . . ."

97.    IWC Order No. 4-2001 and No. 9-2001, which applies to Defendant's industry, likewise requires employers to provide meal periods to employees. Section 11(C) of IWC Order No. 4-2001, IWC No. 9-2001 provide in relevant part: "Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked." An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties, an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may in writing, revoke the agreement at any time.

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

98.    *Labor Code* §1198 states: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

99.    Labor Code § 226.7(c) provides in relevant part: "If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

100.    Throughout the Class Period, Plaintiffs and certain members of the Class are/were required to assist customers and other employees during their lunch breaks, which would force them to work during their lunch breaks. This made it impossible for Plaintiffs and certain members of the Class to have a duty-free uninterrupted meal break. Defendant did not pay Plaintiffs and members of the Class for the time they worked during their breaks nor the premium pay to which they are/were entitled for the missed and non-compliant rest and meal breaks.

101.    Plaintiffs and members of the Class did not waive their right to timely meal periods by mutual consent with Defendant or otherwise.

102.    The nature of Plaintiffs and Class Members' work, providing deliveries and customer service, was rigorous and nonstop. Plaintiffs and certain Class Members were frequently prevented from timely taking meal breaks because, due to their constant work demands and sensitive timelines.

103.    Defendant discouraged, impeded and through threats and intimidation prevented and dissuaded Plaintiffs and members of the Class from taking compliant 30-minute meal periods, nor did Defendant pay Plaintiffs or Members of the Class with an additional hour of pay for these meal period violations, nor did Defendant pay Plaintiffs

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

and Class Members a premium pay penalty for missed, short, late or interrupted meal breaks pursuant to *Labor Code* § 226.7(c).

104.    As a result of Defendant's violations of *Labor Code* §§ 226.7(c), 512(a), 1198, IWC Order No. 4-2001 and No. 9-2001, Plaintiffs seek recovery of "premium pay" pursuant to the DLSE's Policy Manual Guidelines and *Labor Code* § 226.7.

105.    Further, pursuant to *Labor Code* §218.6 and Civil Code §3287, the members of the Rest Period Subclass seek recovery of prejudgment interest on all amounts recovered herein.

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS

### In Violation of Labor Code §§ 226.7(c), 1198,

### IWC Order No. 4-2001 and No. 9-2001

### (On Behalf of the Class)

106.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

107.    Section 12(A) of IWC Order No. 4-2001 and No. 9-2001 provide in relevant part: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. . . . Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

108.    *Labor Code* §1198 states: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

109.   *Labor Code* § 226.7(c) provides in relevant part: "If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

110.   Throughout the Class Period, Defendant fails/failed to provide rest periods to Plaintiffs and certain of the Class Members. The nature of Plaintiffs and Class Members' work required them to provide customer and delivery services based on Defendant's designated timeline, which is rigorous and nonstop. Plaintiffs and Class Members are/were frequently prevented from timely taking rest breaks due to constant work demands, competition and sensitive timelines.

111.   Defendant knew or reasonably should have known that Plaintiffs and the certain Class Members were not timely relieved of all duties and were impeded or prevented from timely taking timely all rest breaks after every fourth hour of work (or major fraction thereof).

112.   Plaintiffs and the Class Members were not paid premium pay penalties pursuant to *Labor Code* § 226.7(c) for any of the workdays that Defendant failed to provide them timely, uninterrupted rest breaks.

113.   As a result of Defendant's violations of *Labor Code* §§ 226.7(c), 1198, IWC Order No. 4-2001 and No. 9-2001, Plaintiffs on their own behalf and on behalf of the Class Members they seek to represent, seek "premium pay penalties" pursuant to *Labor Code* § 226.7.

114.   Further, pursuant to *Labor Code* §218.6 and Civil Code §3287, the members of the Rest Period Subclass seek recovery of prejudgment interest on all amounts recovered herein.

///

///

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

# FOURTH CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES

### In Violation of Labor Code §§ 510, 1194

### (On Behalf of the Class)

115.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

116.    Plaintiffs seek to represent the proposed Class or in the alternative the proposed Overtime Subclass as a basis to enforce equal or greater protections for wages owed that are offered by California law. Because the practices alleged herein are uniform, systematic, and continuous and affect each proposed member of the Class in a legally identical way, Plaintiffs, at the appropriate time will move to certify the Class or Overtime Subclass to the extent permitted by *Cal. Code Civ. Proc.* § 382.

117.    Plaintiffs and the Class were at all times subject to California's laws and regulations protecting the employees' entitlement to be paid and presumption to be paid overtime wages for requisite hours worked beyond a normal workday or a normal work week, as specified, without limitation, by *Labor Code* §§ 510, 1194, IWC Order No. 4 and No. 9.

118.    California law requires employers, such as Defendant to pay overtime compensation to all nonexempt employees for all hours worked over 40 hours per week, or over 8 hours per day. *Labor Code* § 204 establishes the fundamental right of all employees in the State of California to be paid wages, including straight time and overtime, in a timely fashion for their work.

119.    Labor Code § 510(a) states in pertinent part: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek … shall be compensated at the rate of no less than one and one-half times the regular rate of pay for any employee." In addition, *Labor Code* § 510(a) provides that "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee."

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

120. Pursuant to *Labor Code* § 1198 it is unlawful to employ persons for longer than the hours set by the IWC.

121. Pursuant to *Labor Code* § 1194, "…any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

122. As set forth above, Plaintiffs and the members of the Class were entitled to be paid overtime compensation for all overtime hours worked. Plaintiffs, and certain members of the Class, were regularly and consistently required to work overtime during the Class Period but were not paid for all overtime hours worked and were not paid at the correct overtime rate of pay.

123. Throughout the Class Period, Plaintiffs and certain members of the Class worked in excess of 8 hours in a workday and/or 40 hours in a workweek.

124. Plaintiffs and the certain Class Members would also routinely work off the clock during their meal breaks, as were required by Defendant. Due to this time worked off the clock, Plaintiffs and the certain Class Members would routinely exceed eight-hour shifts and forty-hour workweeks and would not be paid the required overtime pay.

125. During the Class Period, Defendant did not pay Plaintiffs and members of the Class overtime pay for all of the overtime hours worked, including hours worked while off the clock and Defendant did not pay Plaintiffs and members of the Class at the correct overtime rate of pay.

126. As a direct and proximate result of Defendant's unlawful conduct as set forth herein, Plaintiffs and members of the Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant in an amount to be established according to proof at trial, prejudgment interest, and costs and attorneys' fees, pursuant to *Labor Code* § 1194.2 and applicable California law.

///

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

# FIFTH CAUSE OF ACTION

## FAILURE TO MAINTAIN ACCURATE RECORDS

### In Violation of Labor Code § 1174(d)

### (On Behalf of the Class)

127.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

128.    *California Labor Code* § 1174(d), which was in force and effect at all relevant times, herein, provides in pertinent part, that "Every person employing labor in this state shall keep… at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case, shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned."

129.    During the Class Period, Defendant knowingly and intentionally failed to accurately record, track, maintain, and keep accurate records of each and every hour worked and wages earned for Plaintiffs and the Class Members.

130.    Upon information and belief and thereon, Plaintiffs have alleged herein that in an effort to fabricate the appearance of compliance with the provisions of the Labor Code, (simultaneously motivated by Defendant's effort to unlawfully avoid payment of premium pay penalties owed for missed or non-compliant rest and meal breaks, and overtime pay). Defendant's routinely prohibited Plaintiffs and members of the Class from receiving proper, timely, and compliant meal and rest breaks and altered timesheets to get rid of any owed overtime pay.

131.    Thus, at all times relevant, Defendant failed to maintain accurate records of all hours Plaintiffs and Class Members worked, including hours they were working

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

during rest and meal break period, and for the days they worked in excess of eight hours, or workweeks in excess of forty hours. As a result of Defendant's failure to maintain proper accurate records, premium penalties to which Plaintiffs and Class Members were entitled for rest and meal break violations was not properly recorded either.

132.    Accordingly, Plaintiffs as a direct and proximate result of Defendant's unlawful conduct as set forth herein, Plaintiffs and members of the Class have sustained damages, for Defendant's violation of *Labor Code* § 1174(d), including loss of earnings for all hours worked, and loss of receipt of premium pay penalties, in amounts to be established at time.

133.    Plaintiffs and Class members are therefore entitled to and do seek to recover penalties, pursuant to § 1174.5, which provides that an employer who fails to properly maintain records pursuant to 1174(d) shall be subject to a civil penalty of five hundred dollars ($500).

## SIXTH CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES EARNED WHEN DUE

### In Violation of Labor Code § 204

### (On Behalf of the Class)

134.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

135.    The California Labor Code requires employers to pay all wages due within the time specified by law. *California Labor Code* § 204 was in full force and effect at all relevant times herein.

136.    Pursuant to § 204, for employees entitled to pay twice per month, two periods of pay are required. Labor performed between the 1st and 15th of the month must be paid between the 16th and 26th of the same month and labor performed on the 16th and the end of the month must be paid on pay days between the 1st and 10th of the following month. *Labor Code* § 210 provides that " … (a) In addition to, and entirely

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in §§ 201.3, 204, 204b, 204.1, 204.2, 204.11, 205, 205.5, and 1197.5, shall be subject to a penalty as follows:

> (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.
>
> (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

137.    Plaintiffs and the Class Members were entitled to be paid twice monthly for labor performed. Although Plaintiffs and the class members are and/or were paid twice monthly, Defendant failed and intentionally refused to pay Plaintiffs and the Class Members all wages they were entitled to, twice monthly, including overtime pay during each and every pay period of their employment.

138.    As alleged herein, Plaintiffs and the Class Members were not paid for all of their wages, for each and every hour worked, including inter alia time worked during rest and meal breaks, time worked off the clock and overtime hours, as alleged herein, during every single pay period during the term(s) of their employment.

139.    Accordingly, as a result of the unlawful acts of Defendant, Plaintiffs and the Class Members have been deprived of wages in amounts to be determined according to proof at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs of suit, pursuant to *Labor Code* § s 210, 218 and 1194.

## SEVENTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

### In Violation of Labor Code § 226(a)

### (On Behalf of the Class)

140.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

141.  *Labor Code* § 226(a) requires employers to provide employees itemized wage statements that accurately report, among other things, the total hours worked, and total wages earned in each pay period. Section 226(a) states in pertinent part, that "[e]very employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee …, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid …, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee …"

142.  *Labor Code* § 226(e)(1) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."

143.  *Labor Code* § 226(h) provides: "An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees."

144.  As alleged supra, during the Class Period, Defendant failed to maintain accurate records, including records of time worked through rest and meal break periods, resulting in failure pay them overtime wages they were owed when they worked shifts in excess of eight hours or in excess of forty hours per week.

145.  During the Class Period Defendant knowingly and willingly failed to comply with *Labor Code* § 226. As a common policy and practice Defendant did not include all hours worked, such as the hours worked during on-duty rest and meal breaks,

overtime hours and premium pay for regularly missed or otherwise, non-compliant, rest and meal breaks. As such, the wage statements issues to the Plaintiffs and Class Members were not accurate, did not reflect or include all wages earned during each and every pay period of the Class Period. Defendant's knowing, and intentional omissions caused the Plaintiffs and Class Members to suffer "injury" by, among other things, impeding them from knowing the amount of wages to which they are/were lawfully entitled.

146. As a result of Defendant's violations of *Labor Code* § 226(a), Plaintiffs seek an award of penalties pursuant to *Labor Code* § 226(e)(1), and injunctive relief, attorneys' fees, and costs pursuant to Labor Code § 226(h).

**EIGHTH CAUSE OF ACTION**

**FAILURE TO REIMBURSE WORK EXPENSES**

**In Violation of Labor Code § 2802**

**(On Behalf of the Class)**

147. Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

148. *Labor Code* § 2802(a) requires employers to reimburse employees for all expenses they incur in direct consequence of the discharge of their duties or obedience to their employers' instructions.

149. As alleged *supra*, Defendant required Plaintiffs and certain Class/Subclass Members to use their personal cell phones, personal cell phone data plans, personal Internet access, home Internet access and to purchase uniforms to perform their job duties and for certain of the Plaintiffs and Class/Subclass, it is also essential for them to use the GPS function on their own personal cell phones via their personal cell phone data plans.

150. Also, Defendant required certain of the Plaintiffs and Class/Subclass Members to download the apps "Deputy", "Okta", "Sales Sevice Lightening", "Sales Force", "Duo Mobile", "SAT", "Confirma Pay", "Google Sheets", "Safoya", "Slack"

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

for carrying out their day-to-day work duties and for authentication purposes to work website, portals, and work devices during the Class Period.

151.    Further, during the Class Period, as company vans are/were not available at all times, Defendant at times required Plaintiffs and certain Class/Subclass Members to use their personal vehicles to travel between customers' homes, installation work sites, and/or work facilities to handle installations and provide customer service.

152.    During the Class Period, Defendant required Plaintiffs and Class/Subclass Members to wear black shirts, black pants, and black work boots with no markings to comply with the company dress code. Defendant informed Plaintiffs and Class/Subclass Members that they would provide the work outfits but only provided one shirt and partial reimbursements for the black work boots. Defendant also promised certain Plaintiffs and Class/Subclass Members that they will receive reimbursements for the tools and gears that they purchased for work (i.e. charger for the company van), but the said reimbursements were never received.

153.    "All awards made by a court or by the Division of Labor Standards Enforcement for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss." (Cal. Labor Code § 2802(b).)

154.    California Labor Code section 2802(c) provides: "For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

155.    Defendants owe a duty to Plaintiffs and members of Plaintiff Classes to indemnify them for all necessary expenditures, losses, and damages suffered and incurred in direct consequence of the discharge of their duties, or of their obedience to the directions of Defendants.

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

156.   As a result of Defendant's failure to indemnify and reimburse Plaintiffs and Class Members for the expenses they necessarily incurred in the performance and discharge of their work-related duties, Plaintiffs and the Class Members have sustained economic damages in amount to be proven at trial.

157.   As a result of Defendant's violation of Labor Code § 2802, Plaintiffs seek reimbursement for all business-related expenses they have incurred working for Defendant, in amounts to be determined at trial, with interest thereon as well as attorney's fees and costs of suit pursuant to Labor Code § 2802(c).

## NINTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY WAGES UPON TERMINATION

### In Violation of Labor Code §§ 201-203

### (On Behalf of the Class)

158.   Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

159.   *Labor Code* § 201(a) provides in relevant part: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately" further "if an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

160.   Here, Defendant failed to provide all wages earned throughout Plaintiffs and Class Members employment and further failed to remedy its violations at the time of separation from Defendants. As such Plaintiffs and Class Members did not receive all wages earned.

161.   Labor Code § 203(a) provides in relevant part: "If an employer willfully fails to pay, without abatement or reduction, in accordance with § § 201 . . . 202 . . . any wages of an employee who is discharged or who quits, the wages of the employee shall

continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

162.   Further, Labor Code § 218.5(a) states in relevant part: "In any action brought for the nonpayment of wages . . . the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action."

163.   As a result of Defendant's violations of Labor Cod*e* §§ 201 and 202, Plaintiffs seek an award of "waiting time penalties" pursuant to Labor Code § 203, and attorney's fees and costs pursuant to *Labor Code* § 218.5.

## **PRAYER FOR RELIEF**

**WHEREFORE, PLAINTIFFS PRAY FOR RELIEF AND JUDGMENT AGAINST DEFENDANT, AS FOLLOWS:**

### **ON THE FIRST THROUGH NINTH CAUSES OF ACTION**

1.   For an order certifying that the First Cause of Action in this Complaint may be maintained as a collective action pursuant to 29 U.S.C. ¬ß 216(b) and that prompt notice of this action be issued to potential members of the Collective, apprising them of the pendency of this action, and permitting them to assert their FLSA claims;

2.   For an order equitably tolling the statute of limitations for the potential members of the Collective;

3.   Damages and restitution according to proof at trial for all unpaid gratuities, wages and other injuries, as provided by the FLSA, California Labor Code, and California Business and Professions Code;

4.   For an order certifying the Second through Ninth causes of action and maintaining said causes of action as a class action on behalf of the members of the Class and/or Subclasses who were either employed or who performed work here in the State of California within the Class Period and that notice of the pendency of this action be provided to members of the Class;

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

5.  Designation of Plaintiffs as the Class Representatives for the Class and/or Subclasses and Plaintiffs' attorneys as Class Counsel for the Class and/or Subclasses;

6.  For an award of unpaid wages for all labor performed and liquidated damages in an amount equal to the amount unlawfully unpaid pursuant to the FLSA, California Labor Code §§ 200, 218, 1194 and 1194.2;

7.  For an award of unpaid overtime wages pursuant to FLSA, Cal. Labor Code §§ 510 and 1194;

8.  All appropriate FLSA and California statutory penalties;

9.  An award of unpaid reporting time pay pursuant to IWC Order No. 4 and No. 9;

10. Compensation at the rate of one hour of regular pay for each instance in which a member of the Class was not provided a first or second meal period;

11. Compensation at the rate of one hour of regular pay for each instance in which a member of the Class worked through a rest break or was not provided a proper rest break for every four hours worked or major fraction thereof;

12. Labor Code § 203 penalties;

13. Damages and penalties pursuant to Labor Code §§ 226(a) and 226.3 and 210;

14. Reimbursement of the necessary expenses incurred by the Class in the discharge of their duties;

15. Pre-judgment and post-judgment interest, as provided by law;

16. Attorneys' fees and costs of suit, including expert fees and fees pursuant to the FLSA, California Labor Code §§ 218.5, 226, 1194, Code of Civil Procedure § 1021.5, and other applicable California laws; and

17. For such other and further relief as this Court deems just and proper.

///

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

## **DEMAND FOR JURY TRIAL**

PLAINTIFFS hereby demands trial of all issues by jury.


Date: September 2, 2022              */s/ Carolyn H. Cottrell*
                                     Carolyn H. Cottrell
                                     Samantha A. Smith
                                     SCHNEIDER WALLACE
                                     COTTRELL KONECKY LLP

                                     *Attorneys for Plaintiff, on behalf of the
                                     putative Class and Collective*

40

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT